IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA SUE LIPPE                                                    PLAINTIFF

vs.                                Civil No. 3:11-cv-03099

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Donna Sue Lippe ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K.

Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report

and recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends the ALJ's determination be **REVERSED and REMANDED.**

1. <u>Background:</u>

Plaintiff filed her applications for DIB and SSI on August 26, 2009.  (Tr. 12, 113-114, 139-

147).[1] Plaintiff alleged she was disabled due to hepatitis C, depression, arthritis, anxiety, and

hypertension.  (Tr. 196).  Plaintiff alleged an onset date of March 6, 2009.  (Tr. 196).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again on reconsideration.  (Tr. 90-96, 99-102).

On March 11, 2010, Plaintiff requested an administrative hearing on her applications.  (Tr. 103-104).  This hearing request was granted, and an administrative hearing was held on October 19, 2009 in Harrison, Arkansas.  (Tr. 30-85).  Plaintiff was present and was represented by counsel, Donald Bishop, at this hearing.  *See id.*  Plaintiff, Plaintiff's witnesses William Nelson and Joanne Stanford, and Vocational Expert ("VE") John Massey testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), had a GED and a Registered Nurse's degree.  (Tr. 35).

On May 2, 2011, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI.  (Tr. 12-24).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 6, 2009, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the severe impairments of hepatitis-C status post incomplete interferon treatment, chronic obstructive pulmonary disease (COPD), a major mood disorder, generalized anxiety, post traumatic stress disorder (PTSD), dependent personality disorder, and methamphetamine abuse/dependence.  (Tr. 14, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 17-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  (Tr. 18).

2

Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform sedentary work except is able to only occasionally climb, balance, stoop, kneel, crouch and crawl and must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dust, gases, poor ventilation and hazards, including no driving as part of work. Additionally, Plaintiff is able to perform work in which interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete. (Tr. 17, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 77-78). The VE testified that Plaintiff's PRW included work as a registered nurse. *See id.* The ALJ found Plaintiff could not perform this PRW. (Tr. 22, Finding 6).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a surveillance system monitor with approximately 35 such jobs in Arkansas and 3,000 such jobs in the nation, machine operator with approximately 250 such jobs in Arkansas and 19,000 such jobs in the nation, and assembler with approximately 350 such jobs in Arkansas and 30,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 6, 2009 through the date of the ALJ's decision. (Tr. 24, Finding 11).

3

On June 17, 2011, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 7-8). *See* 20 C.F.R. § 404.968. On September 7, 2011, the Appeals Council declined to review the ALJ's decision. (Tr. 1-6). On October 14, 2011, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 7,8. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  Specifically, Plaintiff claims the ALJ erred by (1) failing to give the proper weight to Plaintiff's treating physicians opinions, (2) failing to give the proper weight to the opinion of Plaintiff's mental health counselor and (3) failing to give proper consideration to the testimony of lay witnesses.  ECF No. 7, Pages 2-18.  In response, the Defendant argues the ALJ did

5

not err in any of his findings.  ECF No. 8.  After reviewing Plaintiff's briefing and the opinion by the ALJ, this Court finds the ALJ did not give the proper weight to Plaintiff's treating physicians opinions.  Thus, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform sedentary work except she was able to only occasionally climb, balance, stoop, kneel, crouch and crawl and must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dust, gases, poor ventilation and hazards, including no driving as part of work.  Additionally, Plaintiff is able to perform work in which interpersonal contact is incidental to the work performed, the complexity of

6

tasks is learned and performed by rote with few variables and use of little judgment, and the supervision required is simple, direct and concrete. (Tr. 17, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physician, Dr. Kevin Jackson. ECF No. 7, Pgs. 11-14. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 8, Pgs, 6-9.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based on Hepatitis C, depression, arthritis, anxiety, and hypertension. Plaintiff relies on the opinions of Dr. Jackson. The ALJ stated he had considered Dr. Jackson's records, but because Dr. Jackson's opinion conflicted with his medical records as well as other medical records in the transcript, the ALJ rejected Dr. Jackson's opinions. (Tr. 19).

As the ALJ pointed, Plaintiff has been treated by Dr. Jackson since 2008 for hormone therapy, depression, lower abdominal and pelvic pain, osteoarthritis and hypertension. (Tr. 18). On

7

August 20, 2010, Dr. Jackson completed a Physical RFC Questionnaire. (Tr. 501-504). In this report, Dr. Jackson indicated he treated Plaintiff for Hepatitis C, PTSD, major depressive order and her prognosis was fair. (Tr. 501). Dr. Jackson also stated Plaintiff had symptoms of chronic pain, fatigue, weight loss and dizziness. *Id.*

Dr. Jackson made several findings regarding Plaintiff in this report including: is incapable of even low stress jobs, can walk one block without rest or severe pain, pain and other symptoms are frequent enough to interfere with attention and concentration needed to perform even simple work tasks, will sometimes need to take unscheduled breaks during an eight-hour work day, will needs periods of walking for about two minutes approximately every 30 minutes, and likely to be absent from work as a result of her impairments more than four days a month. (Tr. 502-504).

The ALJ found Dr. Jackson's opinion was not consistent with the medical evidence as a whole or even with his own clinic notes. (Tr. 19). This was the extent of his analysis and no explanation for this finding was given. The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Jackson's findings. *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Jackson. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Jackson.

8

Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **24th day of September 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE